UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MARILYN CRAVENS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:05CV86 FRB |
| | ) |
| RICHARD SMITH, M.D., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Presently pending before the Court is defendant St. Paul Fire and Marine Insurance Company's[1] Motion to Dismiss for Failure to State a Claim (filed June 13, 2005/Docket No. 7). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

This cause, originally brought in the Circuit Court of Cape Girardeau County, Missouri, was removed to this Court on June 6, 2005, by defendant Weatherby Locums Tenens, Inc., with the consent of defendant St. Paul Fire and Marine Insurance Company (St. Paul). Defendant Richard Smith, M.D. consented to removal upon being served with process. Plaintiffs in this cause are Marilyn Cravens, Walter Cravens and Kneibert Clinic, LLC. This Court has subject matter jurisdiction over the cause inasmuch as

---

[1] St. Paul Fire and Marine Insurance Company is successor in interest to named defendant American Continental Insurance Company. For consistency, the undersigned will refer to this defendant as St. Paul Fire and Marine Insurance Company.

complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. §§ 1332, 1441.

Defendant St. Paul now moves to dismiss plaintiffs' claims as alleged against it, arguing that they fail to state a claim upon which relief may be granted. Plaintiffs have not responded to defendant's motion, and the time for doing so has passed. Nor have plaintiffs responded to this Court's order to show cause why defendant's motion should not be granted, and the time for doing so has passed. For the following reasons, defendant's motion is well taken and plaintiffs' claims against St. Paul should be dismissed.

When ruling on a motion to dismiss, the Court must take the allegations of the Complaint as true, construing the Complaint and all reasonable inferences in a light most favorable to the plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). A motion to dismiss should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). "The issue is whether, taking all well-pleaded factual allegations in the complaint to be true, the complaint states a claim that would entitle the plaintiff to relief against the defendants under some set of facts." Webb v. Lawrence

County, South Dakota, 144 F.3d 1131, 1136 (8th Cir. 1998)(emphasis added).

Taking the factual allegations of plaintiffs' Complaint as true, plaintiffs allege as follows: Defendant Dr. Richard Smith was a physician supplied by defendant Weatherby Locums Tenens, Inc. (Weatherby), to Kneibert Clinic, LLC (Kneibert Clinic), pursuant to a written contract between Weatherby and Kneibert Clinic. Pursuant to a policy of insurance, defendant St. Paul provided malpractice insurance coverage to Weatherby and/or Dr. Smith. In February 2005, plaintiffs Marilyn and Walter Cravens obtained a Judgment in the Circuit Court of Butler County, Missouri, against Kneibert Clinic in the amount of $804,000.00 as a result of the negligent acts of Dr. Smith in his interpretation and recommendations with respect to a certain mammogram and ultrasound reports. During the pendency of the Cravens' cause of action against Kneibert Clinic in Butler County, Kneibert Clinic tendered its defense of that case to defendant St. Paul, who refused said defense on the basis that "Dr. Smith's liability carrier does not provide coverage for the Kneibert Clinic." (Pltfs.' Petn., Exh. 8.)

In the instant cause of action, plaintiffs Marilyn and Walter Cravens seek to recover the $804,000.00 Judgment from defendant St. Paul pursuant to St. Paul's policy of insurance issued to Weatherby and/or Dr. Smith. Plaintiff Kneibert Clinic seeks indemnification from St. Paul as well as it attorney's fees

and costs it expended to defend the Cravens' Butler County action. Kneibert Clinic also seeks statutory penalties from St. Paul for its alleged vexatious refusal to extend coverage and to defend.

Plaintiff Kneibert Clinic is unable to recover against defendant St. Paul on its claims of indemnification, breach of its duty to defend, and vexatious refusal to extend coverage and to defend inasmuch as Kneibert Clinic is not an insured under any relevant policy of insurance issued by St. Paul. See Simpson v. Saunchegrow Constr., 965 S.W.2d 899, 906 (Mo. Ct. App. 1998) (any claim or suit must be based on policy between the parties; no duty to defend where there exists no contract to defend), overruled on other grounds, Hampton v. Big Boy Steel Erection, 121 S.W.3d 220 (Mo. banc 2003); see also Travelers Ins. Co. v. Cole, 631 S.W.2d 661, 664 (Mo. Ct. App. 1982) (insurer has no duty to defend if there is no coverage). While the Court recognizes that a liability insurer, such as St. Paul, has "two distinct duties, the duty to indemnify the insured for covered losses, and the duty to defend the insured in any lawsuit seeking damages that would be covered losses," Esicorp. Inc. v. Liberty Mut. Ins. Co., 193 F.3d 966, 969 (8th Cir. 1999) (Missouri law), the facts as alleged in the Complaint here show plaintiff Kneibert Clinic not to be the "insured" under St. Paul's insurance policy at issue. Because no contract of insurance exists between St. Paul and Kneibert Clinic, plaintiff Kneibert Clinic's allegations that St. Paul breached its

duties to it as a liability insurer fail to state a claim upon which relief may be granted, and such claims should be dismissed.

With respect to plaintiffs Marilyn and Walter Cravens, a reading of the Complaint shows them to seek to recover from St. Paul the amount of the Judgment entered against Kneibert Clinic. Missouri law permits judgment creditors to bring a direct action against an insurer for insurance proceeds after final judgment against the insured has been entered. Mo. Rev. Stat. § 379.200 (2002); Johnston v. Sweaney, 68 S.W.3d 398 (Mo. 2002) (per curiam). "[R]ecovery may also be had by garnishment of the insurer under the judgment against the insured." Johnston, 68 S.W.3d. at 403 (internal quotation marks and citations omitted). "A final judgment *against the insured* is a prerequisite to the enforcement of the liability of the insurer." Clarke v. Organ, 329 S.W.2d 670, 674 (Mo. 1959). As set out above, the Cravens obtained a final judgment against Kneibert Clinic. Under the facts as alleged in the Complaint, however, Kneibert Clinic is not an insured under any relevant policy of insurance issued by defendant St. Paul. Inasmuch as plaintiffs Marilyn and Walter Cravens have not obtained a final judgment against a party who is an insured under a St. Paul policy of insurance, their attempt to enforce liability against St. Paul on their Judgment against Kneibert Clinic, a party uninsured by St. Paul, fails.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant St. Paul Fire and Marine Insurance Company's (as successor in interest to named defendant American Continental Insurance Company) Motion to Dismiss for Failure to State a Claim (Docket No. 7) is granted.

**IT IS FURTHER ORDERED** that plaintiffs' claims against defendant St. Paul Fire and Marine Insurance Company (as successor in interest to named defendant American Continental Insurance Company) are dismissed with prejudice.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this __20th__ day of July, 2005.