UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MARILYN CRAVENS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:05CV86 FRB |
| | ) |
| RICHARD SMITH, M.D., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on various motions of the parties. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

On April 29, 2005, the instant cause of action was filed in the Circuit Court of Cape Girardeau, Missouri, by plaintiffs Marilyn Cravens, Walter Cravens and Kneibert Clinic, LLC, and named Richard Smith, M.D., Weatherby Locums Tenens, Inc. (Weatherby), and American Continental Ins. Co. as defendants in the cause. On June 6, 2005, defendant Weatherby removed the matter to this Court with the consent of St. Paul Fire and Marine Insurance Company (St. Paul) as successor-in-interest to named defendant American Continental Ins. Co. Defendant Smith consented to removal upon being served with process. The diversity jurisdiction of this Court was invoked upon removal inasmuch as complete diversity of citizenship existed between the parties and the amount in controversy exceeded $75,000.00. 28 U.S.C. §§ 1332, 1441.

Defendants Weatherby and Smith answered plaintiffs' Complaint on June 6 and June 29, 2005, respectively. On June 13, 2005, St. Paul moved to dismiss plaintiffs' Complaint, with such motion being granted July 20, 2005. Plaintiffs now request the Court to reconsider its Order of July 20, 2005; and further request leave to amend their Complaint or, in the alternative, to dismiss the instant Complaint without prejudice. For the following reasons, plaintiffs' requests should be denied.

A. Background of Litigation

The instant lawsuit stems from a separate lawsuit which was filed by plaintiffs Marilyn and Walter Cravens (the Cravens) in the Circuit Court of Butler County, Missouri, against Kneibert Clinic, LLC. Pursuant to a Settlement Agreement entered into between the Cravens and Kneibert Clinic in that cause, Judgment was entered by the circuit court on February 9, 2005, in favor of the Cravens and against Kneibert Clinic in the amount of $804,000.00, for the negligence of Richard Smith, M.D. (not a party to that suit) who, as found by the circuit court in said cause, was the agent of Kneibert Clinic at the time of the negligence.

The Settlement Agreement entered into between the Cravens and Kneibert Clinic was executed on February 8, 2005, and provided that, in the event Judgment was entered against Kneibert Clinic and in favor of the Cravens, the Cravens would garnish, execute and collect such Judgment "only from either (a) Richard Smith and/or (b) Weatherby Locum Tenens, Inc. the company which provided him to

Kneibert Clinic, LLC and/or (c) the St. Paul Insurance Companies or it [sic] affiliates who provide liability insurance to Weatherby Locum Tenens, Inc. and through Weatherby to Dr. Richard Smith." (Pltfs.' Reply re Motion to Amend, Docket No. 30, Exh. 2 at p.2.)[1] In this Settlement Agreement, the Cravens further agreed to "release, acquit and forever discharge the Kneibert Clinic . . . from any and all liabilities, claims, counts, actions, causes of actions, rights, suits, proceedings, claims, damages, whatsoever" arising out of the injury to Marilyn Cravens relating to the diagnosis, treatment and care of Mrs. Cravens; and further agreed "to collect any judgment against Kneibert Clinic, LLC, only from Dr. Richard Smith and/or Weatherby Locum Tenens, Inc. and/or their insurer, the St. Paul Insurance Companies, or its affiliates." (Id. at p.3.)

Likewise on February 8, 2005, and in conjunction with the Settlement Agreement, the Cravens and Kneibert Clinic entered into a Supplemental Agreement whereby it was agreed that following the circuit court's entry of Judgment against Kneibert Clinic, the Cravens and Kneibert Clinic "will cooperate and file a suit against

---

[1] This Settlement Agreement was executed pursuant to Mo. Rev. Stat. § 537.065 which provides for an injured party to contract with the tort-feasor and agree "that in the event of a judgment against the tort-feasor, neither he nor any person, firm or corporation claiming by or through him will levy execution, by garnishment or as otherwise provided by law, except against the specific assets listed in the contract and except against any insurer which insures the legal liability of the tort-feasor for such damage and which insurer is not excepted from execution, garnishment or other legal procedure by such contract."

Weatherby Locums Tenens, Inc., Dr. Richard Smith and the St. Paul Insurance Company (or subsidiary) as provides professional liability coverage through Weatherby Locums Tenens[.]" (Pltfs.' Reply re Motion to Amend, Docket No. 30, Exh. 3 at p.2.) It was further agreed that "[s]aid litigation shall be processed to conclusion" and that

> in the event the Cravens and Kneibert Clinic are both unsuccessful in the action and, following appeal, are unable to obtain a judgment against Dr. Richard Smith and/or Weatherby Locums Tenens and/or the St. Paul Insurance Companies then, in that event, Kneibert Clinic, LLC, will, at the Plaintiff's [sic] option, either A) pay Marilyn and Walter Cravens [$50,000.00] or B) . . . reinstate[ the lawsuit] in the Circuit Court of Butler County, Missouri, . . . .

(Id. at pp.2-3.)

The instant lawsuit, originally filed in the Circuit Court of Cape Girardeau, Missouri, and now pending before this Court upon removal, is that lawsuit which was contemplated to be filed by Kneibert Clinic and the Cravens pursuant to the Supplemental Agreement. In Count I of the instant lawsuit, plaintiffs Marilyn and Walter Cravens seek to recover the $804,000.00 Butler County Judgment from St. Paul/American Continental pursuant to a policy of insurance issued to Weatherby and/or Dr. Smith. In Count II, plaintiff Kneibert Clinic seeks indemnification from St. Paul/American Continental, Dr. Smith and Weatherby, as well as its attorney's fees and costs it expended to

- 4 -

defend the Cravens' Butler County action. Kneibert Clinic also seeks statutory penalties from St. Paul/American Continental for its alleged vexatious refusal to extend coverage and to defend.

B.    Status of St. Paul Fire and Marine Insurance Company

As an initial matter, the undersigned notes that in their original Complaint in this cause, plaintiffs Marilyn and Walter Cravens and the Kneibert Clinic named American Continental Ins. Co. as a defendant, contending that American Continental was the insurer who issued the relevant policy of insurance to defendants Weatherby and/or Smith. In its Consent to Removal, St. Paul entered on behalf of American Continental, averring that it was the successor-in-interest to American Continental. Likewise, in its Motion to Dismiss, St. Paul averred that in July 2002 American Continental merged into St. Paul and that St. Paul was the successor-in-interest to American Continental. St. Paul then argued substantively that plaintiffs failed to state a claim for relief on the policy of insurance. Plaintiffs did not object to St. Paul's Consent to Removal nor objected to St. Paul's Motion to Dismiss, either with respect to St. Paul's averred status as successor-in-interest to American Continental or with respect to the merits of the motion. In its Memorandum and Order ruling St. Paul's motion, the Court noted specifically, "St. Paul Fire and Marine Insurance Company is successor in interest to named defendant American Continental Insurance Company. For consistency, the undersigned will refer to this defendant as St. Paul Fire and

Marine Insurance Company." (Memo. & Order, Docket No. 15, at p.1 n.1.)

By St. Paul's repeated assertion as successor-in-interest to American Continental without objection thereto by plaintiffs, and by St. Paul's substantive defense on the merits of the claims, and by this Court's finding that St. Paul is the successor-in-interest to American Continental and its consideration and acceptance of St. Paul as a party to the instant lawsuit, St. Paul was effectively added as a party to this action pursuant to Fed. R. Civ. P. 21 as successor-in-interest to American Continental. See Farina v. Mission Inv. Trust, 615 F.2d 1068, 1074-75 (5th Cir. 1980); see also Lindsey v. Prive Corp., 161 F.3d 886, 892 n.4 (5th Cir. 1998) (even in the absence of a motion to intervene under Fed. R. Civ. P. 24(a), district court retains discretion to permit named defendant's successor-in-interest to represent and defend claims made against said defendant). In light of the above, to the extent assertions are made that St. Paul is not, and never was, a proper party to this action, such assertions are without merit and should be denied.

C. Plaintiffs' Motion to Reconsider Order Dismissing Plaintiffs' Claims Against American Continental Insurance and St. Paul Fire and Marine Insurance Company

On June 13, 2005, St. Paul filed a Motion to Dismiss with memorandum in support in which it argued that plaintiffs failed to state a claim upon which relief could be granted inasmuch as Kneibert Clinic was not an insured under any policy of insurance

issued by St. Paul/American Continental and thus that plaintiffs Marilyn and Walter Cravens could not recover their Judgment rendered against Kneibert Clinic from St. Paul on any such insurance policy; and further, that Kneibert Clinic could not recover on its claims of indemnification, breach of its duty to defend, and vexatious refusal to extend coverage and to defend inasmuch as Kneibert Clinic was not an insured under any relevant policy of insurance issued by St. Paul/American Continental. The Certificate of Service of said motion and memorandum shows that they were mailed to counsel for the plaintiffs via U.S. Mail and filed electronically with the Clerk of Court to be served upon counsel by operation of the Court's electronic filing system. Pursuant to Fed. R. Civ. P. 6, Local Rule 4.01(B), and Section II.F. of the Administrative Procedures for CM/ECF, any response to the Motion to Dismiss was due to be filed not later than June 23, 2005. None was filed, nor did plaintiffs seek additional time to file a response. In an Order entered July 8, 2005, the Court noted plaintiffs not to have responded to the Motion to Dismiss and ordered plaintiffs to show cause not later than July 18, 2005, why the motion should not be granted. This Order was delivered upon counsel for all parties by operation of the Court's electronic filing system. Plaintiffs did not respond to this Order to Show Cause, nor did they request additional time to do so. On July 20, 2005, this Court entered a Memorandum and Order granting St. Paul's Motion to Dismiss and plaintiffs' claims against St. Paul, as

successor-in-interest to American Continental, were dismissed with prejudice.

In the instant Motion to Reconsider, plaintiffs first claim that they did not receive notice of the Court's July 8 Order to Show Cause until July 21, 2005, when counsel serendipitously checked the status of the case and discovered, not only the July 8 Order to Show Cause, but also the Court's July 20 Memorandum and Order granting the Motion to Dismiss. Plaintiffs contend, and counsel attests, that counsel has repeatedly encountered problems with the Court's e-filing and e-notification system and did not receive the Court's July 8 Order or e-notification of its filing due to such problems. Notably, plaintiffs do not claim that they did not receive and/or had no notice of St. Paul's Motion to Dismiss.

In the circumstances of this cause, plaintiffs' failure to receive notice of this Court's Order to Show Cause is of no instance inasmuch as the lack of response to the Order to Show Cause played no role in the Court's determination of St. Paul's Motion to Dismiss. The Order to Show Cause was entered July 8, 2005, over two weeks after plaintiffs' response to St. Paul's Motion to Dismiss was due to be filed, and was merely a courtesy extended to provide the plaintiffs an additional opportunity to respond to the motion. Nothing prevented the Court from ruling St. Paul's Motion to Dismiss upon the expiration of the period within which plaintiffs were required to respond to the motion in

accordance with the Federal Rules of Civil Procedure, as well as the Local Rules and Procedures of this Court. Further, the issues raised in St. Paul's Motion to Dismiss were not determined by plaintiffs' default, so to speak, of the motion. A review of the Memorandum and Order shows the Court's determination of the Motion to Dismiss to have been made on the merits of the motion, with such determination to have been supported by legal authority and thorough analysis. As such, plaintiffs' failure to receive this Court's Order to Show Cause does not merit a reconsideration of the Court's Memorandum and Order granting St. Paul's Motion to Dismiss.

Plaintiffs further argue that the Court erred in granting St. Paul's Motion to Dismiss inasmuch as St. Paul was not a party to the lawsuit at the time of the Court's ruling. For the reasons discussed <u>supra</u> at pp. 5-6, and in view of plaintiffs' attempt to file an Amended Complaint acknowledging St. Paul to be the alleged insurer in this cause as successor-in-interest to American Continental, this argument is without merit.

The undersigned has reviewed the Memorandum and Order and finds the discussion and conclusion relating to plaintiffs' claims against St. Paul/American Continental to be proper. Plaintiffs' Motion to Reconsider this Order is therefore denied.

D. <u>Plaintiffs' Motion to Amend Complaint to Realign Parties and to Add a Party Defendant and for Remand or in the Alternative for Dismissal Without Prejudice</u>

In the instant motion, Marilyn and Walter Cravens request to file a First Amended Complaint so as to realign Kneibert Clinic

as a defendant in the cause, and to substitute St. Paul Fire and Casualty Insurance Company for defendant American Continental Ins. Co. The Cravens further request the cause to be remanded to state court inasmuch as the realignment of Kneibert Clinic as defendant would destroy this Court's diversity jurisdiction inasmuch as the Cravens and Kneibert Clinic are citizens of the State of Missouri. For the following reasons, the Cravens' motion should be denied.

A review of the proposed First Amended Complaint shows the Cravens to identify Kneibert Clinic as a defendant in name only and to merely summarize the Clinic's factual involvement in the cause. The Cravens do not raise any claims against Kneibert Clinic upon which they seek to recover. Indeed, the proposed First Amended Complaint continues to seek indemnification from the insurer, now identified as St. Paul, *on behalf of* Kneibert Clinic. Further, the terms of the Settlement Agreement entered into between the Cravens and Kneibert Clinic preclude the Cravens from seeking to recover the Butler County Judgment from Kneibert Clinic. As such, to the extent the Cravens purport to amend their Complaint to seek such recovery, any such amendment is futile.

The Cravens argue, however, that they have a viable claim against Kneibert Clinic inasmuch as the Supplemental Agreement provides for Kneibert Clinic to either pay the Cravens a sum certain or expose itself to liability on the underlying Butler County cause of action. This argument is misplaced. First, the undersigned notes that the Cravens make no such claim(s) against

Kneibert Clinic in their proposed First Amended Complaint. Most significantly, however, even if such claim(s) were asserted, the terms of the Supplemental Agreement clearly and unequivocally state that such potential recovery from and/or liability of Kneibert Clinic shall come into play only "in the event the Cravens and Kneibert Clinic are both unsuccessful in the action and, following appeal, are unable to obtain a judgment against Dr. Richard Smith and/or Weatherby Locums Tenens and/or the St. Paul Insurance Companies[.]" Such contingencies have not yet occurred and, as such, any claim upon which the Cravens may seek recovery from Kneibert Clinic under the terms of the Supplemental Agreement has not yet accrued. "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Texas v. United States, 523 U.S. 296, 300 (1998) (quoting Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580-81 (1985)); see also National Right to Life Political Action Comm. v. Connor, 323 F.3d 684, 693 (8th Cir. 2003). In their proposed First Amended Complaint and their arguments in support of its filing, the Cravens have simply failed to assert or identify any live case or controversy which exists between themselves and the Kneibert Clinic upon which they may obtain relief. See Nebraska Pub. Power Dist. v. MidAmerican Energy Co., 234 F.3d 1032, 1038-39 (8th Cir. 2000).

Finally, to the extent the Cravens argue that Mo. Rev. Stat. § 379.200 requires that Kneibert Clinic be named in the

capacity of a defendant given its status as a judgment debtor, such argument is foreclosed by this Court's Memorandum and Order entered July 20, 2005.  As determined therein, § 379.200 may be invoked against the judgment debtor and its insurer when a final judgment is obtained against the insured.  In this cause, while the Cravens obtained a judgment against Kneibert Clinic, Kneibert Clinic is nevertheless *not* an insured under the relevant policy of insurance issued by St. Paul/American Continental.  As such, the Cravens' attempt to join Kneibert Clinic as a defendant under Mo. Rev. Stat. § 379.200 fails.  (See Memo. & Order, Docket No. 15, at p.5.)

Accordingly, to the extent the Cravens seek leave to file a First Amended Complaint so as to realign Kneibert Clinic as a defendant in the cause and to properly name St. Paul as a defendant in American Continental's stead, such request should be denied given the futility of the proposed amendments.  United States ex rel. Lee v. Fairview Health Sys., 413 F.3d 748, 749 (8th Cir. 2005); Grandson v. University of Minn., 272 F.3d 568, 575 (8th Cir. 2001).

To the extent plaintiffs request in the alternative that this cause be dismissed without prejudice, the undersigned notes that defendants Weatherby and Smith have answered the original Complaint in this cause and that, therefore, leave of Court is required for the plaintiffs' voluntary dismissal without prejudice. Rule 41(a)(2), Federal Rules of Civil Procedure.  Plaintiffs provide no reason for such dismissal other than "to avoid further

confusion over the parties and the issues before the court." (Pltfs.' Reply re Motion to Reconsider, Docket No. 26, at p.12.) In light of the present status of this action by the Court's rulings on the instant motions, that is, continuing in its dismissal with prejudice of plaintiffs' claims against St. Paul and in denying the Cravens' request to file an Amended Complaint as proposed, the undersigned determines to deny without prejudice plaintiffs' alternative request to dismiss the cause without prejudice. In its present posture, the instant matter before the Court is "Kneibert Clinic, LLC v. Richard Smith, M.D. and Weatherby Locums Tenens, Inc." If, on the present status of this cause, plaintiff Kneibert Clinic continues in its desire to dismiss its claims against Smith and Weatherby without prejudice, it shall so request such action from the Court, upon which defendants Smith and Weatherby shall be given an opportunity to respond.

E.  Status of Defendant Richard Smith, M.D.

In their memoranda in support of their various motions, plaintiffs argue that this Court lacks diversity jurisdiction over the cause inasmuch as plaintiffs and defendant Smith are citizens of the State of Missouri. To support their argument, plaintiffs have submitted a General Warranty Deed dated July 30, 1999, showing defendant Smith to have purchased property located in Cape Girardeau County, Missouri. (Pltfs.' Motion to Amend Compl., Docket No. 17, Exh. 3.)

In response to plaintiffs' contention, defendants have

submitted the affidavit of defendant Smith in which he attests, inter alia, that he is licensed to practice medicine in the States of Florida, Alabama, Mississippi, and Missouri; that his address of record and mailing address is that of his brother, that is, 2450 Cimmaron Ash Way, Apopka, Florida, and that he uses such address as his mailing address given the itinerant nature of his work; that he owns a home at 2615 East Semoran Boulevard, Apopka, Florida; that the State of Florida has been the state of his primary domicile since 1966; that he received his schooling and medical training in the State of Florida; that his driver's license is issued by the State of Florida; and that the State of Florida is where his cars are registered, where he is registered to vote, where he maintains his bank accounts, and where he pays property taxes. Defendant Smith further attests that he has owned property in the States of Missouri, Mississippi and Nevada, including the property in Cape Girardeau County, for investment purposes. (Defts. Smith & Weatherby's Memo. in Opposition re Motion to Amend Compl., Docket No. 29, Exh. B.) In addition, as noted by defendant Smith, plaintiffs' original Complaint identifies defendant Smith as a physician "who maintained a residence in Cape Girardeau County, Missouri," but who was to be served at "2450 Simmaron Ash Way, Apopka, Florida."

Diversity of citizenship is determined at the time an action is filed, and, in cases of a removal petition, at the time of removal. Ryan ex rel. Ryan v. Schneider Nat'l Carriers, Inc.,

263 F.3d 816, 819 (8th Cir. 2001). Where a challenge is made to the diversity of citizenship, the party seeking to invoke the federal forum bears the burden of demonstrating by a preponderance of the evidence that the parties are indeed citizens of different states. <u>Sheehan v. Gustafson</u>, 967 F.2d 1214, 1215 (8th Cir. 1992). In this cause, defendants have submitted evidence of defendant Smith's contacts with the State of Florida which are indicative of an intent to remain in that state. <u>See</u> <u>id.</u> at 1216. Plaintiffs' submission of a Missouri General Warranty Deed dated July 1999 and their averment that defendant Smith maintain*ed* a residence in Missouri is insufficient evidence to show that Smith's domicile was in fact in the State of Missouri at the time the instant suit was filed in state court in April 2005, and removed to this Court in June 2005. <u>Id.</u>

Accordingly, defendants have satisfied the Court by a preponderance of the evidence that defendant Smith is a citizen of the State of Florida, and as such, complete diversity of citizenship exists between the parties in this cause. Plaintiffs' claim that this Court lacks subject matter jurisdiction over the cause is without merit and should be denied.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff Marilyn and Walter Cravens' Motion for Leave to File a Response to the Sur-Reply of Defendants Smith and Weatherby to Plaintiffs' Motion to Amend

Complaint to Realign Parties (Docket No. 37) is granted. Such Response (Docket No. 38) has been considered by the Court in its determination of the instant motions addressed herein.

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Reconsider Order Dismissing Plaintiffs' Claims Against American Continental Insurance and St. Paul Fire and Marine Insurance Company (Docket No. 20) is denied.

**IT IS FURTHER ORDERED** that plaintiffs' Motion to Amend Complaint to Realign Parties and to Add a Party Defendant and for Remand (Docket No. 17) is denied.

**IT IS FURTHER ORDERED** that plaintiffs' Alternative Motion for Dismissal Without Prejudice (Docket No. 17) is denied without prejudice.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this _24th_ day of February, 2006.