UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

KNEIBERT CLINIC, LLC,                )
                                     )
                    Plaintiff,       )
                                     )
          v.                         )     No.  1:05CV86 FRB
                                     )
RICHARD SMITH, M.D., et al.,         )
                                     )
                    Defendants.      )


**<u>MEMORANDUM AND ORDER</u>**

Presently pending before the Court is defendants Richard Smith, M.D., and Weatherby Locums Tenens, Inc.'s Motion for Summary Judgment (Docket No. 53).  All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

On April 29, 2005, the instant cause of action was filed in the Circuit Court of Cape Girardeau, Missouri, by Marilyn Cravens, Walter Cravens and Kneibert Clinic, LLC (Kneibert or Kneibert Clinic), naming Richard Smith, M.D., Weatherby Locums Tenens, Inc. (Weatherby), and American Continental Ins. Co. as defendants in the cause.  On June 6, 2005, defendant Weatherby removed the matter to this Court with the consent of St. Paul Fire and Marine Insurance Company, successor-in-interest to named defendant American Continental Ins. Co. (St. Paul/American Continental).  Defendant Smith consented to removal upon being served with process.  The diversity jurisdiction of this Court was invoked upon removal inasmuch as complete diversity of citizenship

existed between the parties and the amount in controversy exceeded $75,000.00. 28 U.S.C. §§ 1332, 1441. Subsequent to removal, all claims against defendant St. Paul/American Continental were dismissed. As a result of this dismissal, the only claim presently before the Court for resolution is that of plaintiff Kneibert Clinic seeking indemnification from defendants Smith and Weatherby for a judgment incurred by Kneibert in an underlying lawsuit.

Defendants now seek summary judgment on plaintiff Kneibert's claim for indemnification arguing that there are no genuine issues of material fact and they are entitled to judgment as a matter of law and, further, that plaintiff has failed to state a claim upon which relief may be granted. Plaintiff has responded to the motion to which defendants have replied. All parties have filed surreplies relating to the instant motion for summary judgment. To the extent plaintiff seeks to strike defendants' Reply to Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment (Docket No. 66), such request is denied. The Court finds the arguments raised in defendants' reply brief to be continuations of their arguments raised in their Motion for Summary Judgment and to adequately respond to those arguments made by plaintiff in its responsive memorandum.

Pursuant to Rule 56(c), Federal Rules of Civil Procedure, a court may grant summary judgment if the information before the court shows that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of

law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).
The burden of proof is on the moving party to set forth the basis
of its motion, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986),
and the court must view all facts and inferences in the light most
favorable to the non-moving party, Matsushita Elec. Indus. Co. v.
Zenith Radio, 475 U.S. 574, 587 (1986).   Once the moving party
shows there are no material issues of fact in dispute, the burden
shifts to the adverse party to set forth facts showing there is a
genuine issue for trial.   Id.   The non-moving party may not rest
upon its pleadings, but must come forward with affidavits or other
admissible evidence to rebut the motion.  Celotex, 477 U.S. at 324.

### I.  Evidence Before the Court on the Motion

A.    Background of Litigation

        Marilyn Cravens became a patient at Kneibert Clinic in
1992 and was a patient there at all times relevant to these
proceedings.   Throughout 1997, 1998, 1999, and 2000, Mrs. Cravens
underwent periodic examination and mammography testing at Kneibert,
with such examinations showing cystic changes and multiple nodular
densities in Mrs. Cravens' breasts.   On April 28, 1999, Mrs.
Cravens came under the treatment of Gynecologist Robert Young who,
at that time, was a full partner at Kneibert Clinic.

        On July 28, 2000, Dr. Young examined Mrs. Cravens who
reported to him what she believed to be a breast lump.   Physical
examination showed a palpable mass which Dr. Young did not believe
to have any signs or appearance of malignancy.   Dr. Young noted

- 3 -

Mrs. Cravens to have a mammogram scheduled on August 10, 2000. Mrs. Cravens was instructed to continue to observe the condition and to continue to undergo monthly self-examination. Dr. Young recorded that if any enlargement or changes were noted, Mrs. Cravens would need further referral. (Defts.' Exh. D14.)

On August 10, 2000, Mrs. Cravens underwent a mammography that was interpreted by Dr. Richard Smith, the defendant here. Dr. Smith's report noted probable benign findings as to the mammogram, with a "developing density since 7/23/1999," and suggested an ultrasound for the right breast. Such ultrasound was performed that same date from which Dr. Smith noted there to be a few small cysts in the upper outer quadrant of the right breast with no sonographic evidence of malignancy. It was recommended that Mrs. Cravens undergo routine followup with a bilateral mammogram in one year. Dr. Smith's interpretation of the mammogram and ultrasound were his only involvement with Mrs. Cravens' treatment at Kneibert.

Dr. Young continued in his routine examinations of Mrs. Cravens in 2000, 2001 and 2002. During a routine examination on February 26, 2002, Dr. Young noted a large firm mass on the upper outer surface of the right breast. An ultrasound taken as a result of this examination was suspicious. The mass was ultimately determined to be malignant and was noted to have metastasized into the lymph nodes.

On July 25, 2002, Mrs. Cravens and her husband, Walter Cravens, brought a medical malpractice action in the Circuit Court

of Butler County, Missouri, against Dr. Young and the Kneibert Clinic. (Defts.' Exhs. A, B1.) Mr. and Mrs. Cravens alleged in the Petition that during the year 2000, Dr. Young and Kneibert Clinic undertook to provide medical services to Mrs. Cravens, including examination of a breast lump on and after July 28, 2000, and that such services were negligently performed. Mr. and Mrs. Cravens alleged that such negligence consisted of the failure to exercise that degree of skill or learning ordinarily exercised by members of the defendants' professions under the same or similar circumstances, in that the defendants failed to advise Mrs. Cravens concerning the breast lump and remove it, with such failure resulting in the growth of the cancerous lump which ultimately metastasized. (Defts.' Exh. A.)

On September 5, 2003, the Cravens filed a Second Amended Petition in the Butler County action which alleged, <u>inter alia</u>, that Kneibert Clinic was responsible for the actions of Dr. Smith under the doctrine of *respondeat superior*; that Dr. Smith was negligent in his failure to properly read and interpret the mammography and ultrasound on August 10, 2000, and in his failure to advise concerning additional studies and/or biopsy; and that Kneibert Clinic was negligent in the performance and reading of the ultrasound and mammography on August 10, 2000. (Pltf.'s Exh. 1, Defts.' Exh. B3.) Additional, specific allegations were also raised against Dr. Young. Only Dr. Young and Kneibert Clinic were named as defendants. Dr. Smith was not named as a defendant in

this Second Amended Petition. (Pltf.'s Exh. 1.)  In its Answer to the Second Amended Petition, Kneibert Clinic sought to dismiss those claims relating to Dr. Smith's conduct arguing that such claims violated the relevant statute of limitations.[1]  (Pltf.'s Exh. 2.)  On May 14, 2004, the Cravens filed a Third Amended Petition in the Butler County action, in which they reasserted their claims against Kneibert Clinic as they related to the conduct of Dr. Smith, arguing that Kneibert Clinic was liable for such conduct under the theory of *respondeat superior* or apparent agency. Only Dr. Young and Kneibert Clinic were named as defendants.  Dr. Smith was not named as a defendant in this Third Amended Petition.[2] (Defts.' Exh. I.)

On February 8, 2005, the Cravens entered into a Settlement Agreement with Kneibert Clinic whereby all claims against Kneibert Clinic would be dismissed except those directly relating to the negligence of Dr. Smith.  Kneibert Clinic agreed to waive a jury trial and the Cravens would be permitted to present evidence to the court to make their case against Kneibert Clinic through the negligent acts of Dr. Smith.  The Settlement Agreement

---

[1]A review of the record of the Butler County action fails to show a disposition on this affirmative defense.

[2]A review of the state court docket sheet shows an Answer not to have been filed to the Third Amended Petition until January 5, 2005.  (Defts.' Exh. B4.)  A copy of this Answer has not been submitted to this Court and is thus not before the Court for review in relation to the pending Motion for Summary Judgment.

provided that, in the event Judgment was entered against Kneibert
Clinic and in favor of the Cravens, the Cravens would garnish,
execute and collect such Judgment "only from either (a) Richard
Smith and/or (b) Weatherby Locum Tenens, Inc. the company which
provided him to Kneibert Clinic, LLC and/or (c) the St. Paul
Insurance Companies or it [sic] affiliates who provide liability
insurance to Weatherby Locum Tenens, Inc. and through Weatherby to
Dr. Richard Smith." (Defts.' Exh. J at 2.) The Cravens further
agreed to "release, acquit and forever discharge the Kneibert
Clinic . . . from any and all liabilities, claims, counts, actions,
causes of actions, rights, suits, proceedings, claims, damages,
whatsoever" arising out of the injury to Marilyn Cravens relating
to the diagnosis, treatment and care of Mrs. Cravens; and further
agreed "to collect any judgment against Kneibert Clinic, LLC, only
from Dr. Richard Smith and/or Weatherby Locum Tenens, Inc. and/or
their insurer, the St. Paul Insurance Companies, or its
affiliates." (Id. at 3.)

Also on February 8, 2005, and in conjunction with the
Settlement Agreement, the Cravens and Kneibert Clinic entered into
a Supplemental Agreement whereby it was agreed that following the
circuit court's entry of Judgment[3] against Kneibert Clinic in the

---

[3]The Supplemental Agreement refers to an attached Judgment
to be entered in its general form by the court. (Defts.' Exh.
S.) Although the Supplemental Agreement has been submitted to
this Court in relation to the instant Motion for Summary
Judgment, the proposed Judgment which was attached thereto has
not.

underlying action, the Cravens and Kneibert Clinic "will cooperate and file a suit against Weatherby Locums Tenens, Inc., Dr. Richard Smith and the St. Paul Insurance Company (or subsidiary) as provides professional liability coverage through Weatherby Locums Tenens[.]" (Defts.' Exh. S at 2.)   It was further agreed that "[s]aid litigation shall be processed to conclusion" and that

> in the event the Cravens and Kneibert Clinic
> are both unsuccessful in the action and,
> following appeal, are unable to obtain a
> judgment against Dr. Richard Smith and/or
> Weatherby Locums Tenens and/or the St. Paul
> Insurance Companies then, in that event,
> Kneibert Clinic, LLC, will, at the Plaintiff's
> [sic] option, either A) pay Marilyn and Walter
> Cravens [$50,000.00] or B) . . . reinstate[
> the lawsuit] in the Circuit Court of Butler
> County, Missouri, . . . .

(Id. at 2-3.)

On February 9, 2005, the Cravens and Kneibert Clinic appeared before the Butler County Circuit Court for bench trial. At that time, the Cravens dismissed Dr. Young from the case and proceeded to trial on their claims against Kneibert Clinic as they related to the conduct of Dr. Smith.  Evidence was presented to the court, upon which the court entered Judgment that same date in favor of the Cravens and against Kneibert Clinic in the aggregate amount of $804,000.00 for the negligence of Dr. Richard Smith, who, as found by the court in its Judgment, was Kneibert Clinic's agent at the time of the negligence.  (Defts.' Exh. R.)

The instant lawsuit, originally filed on April 29, 2005,

in the Circuit Court of Cape Girardeau, Missouri, and now pending before this Court upon removal, is that lawsuit which was contemplated to be filed by Kneibert Clinic and the Cravens pursuant to the Supplemental Agreement. In Count I of the instant petition, Marilyn and Walter Cravens sought to recover the $804,000.00 Butler County Judgment from St. Paul/American Continental pursuant to a policy of insurance issued to Weatherby and/or Dr. Smith. In Count II, plaintiff Kneibert Clinic sought indemnification from St. Paul/American Continental, Dr. Smith and Weatherby, as well as its attorney's fees and costs it expended to defend the Cravens' Butler County action. Kneibert Clinic also sought statutory penalties from St. Paul/American Continental for its alleged vexatious refusal to extend coverage and to defend.

On July 20, 2005, all claims against defendant St. Paul/ American Continental were dismissed from this cause, and the Cravens and Kneibert's request for this Court to reconsider this dismissal was denied on February 24, 2006. Inasmuch as the Cravens' only claims were brought against St. Paul/American Continental, the dismissal of all claims against St. Paul/American Continental removed the Cravens as parties to this action. Accordingly, all that remains before the Court is plaintiff Kneibert Clinic's claim for indemnification, expenses and attorney's fees from defendants Smith and Weatherby.

B.    Status of Dr. Richard Smith and Weatherby Locums Tenens

Dr. Smith was an independent contract physician supplied

- 9 -

by Weatherby Locums Tenens, Inc. (a Florida corporation), to Kneibert Clinic. Dr. Smith worked as a temporary employee at Kneibert Clinic as a radiologist for approximately six weeks, from July to August 2000.

St. Paul/American Continental provided liability insurance for Dr. Smith, through Weatherby, while he was at Kneibert Clinic. Included among the duties assumed by Weatherby pursuant to its contract with Kneibert was the provision of "occurrence-based malpractice insurance with limits $1,000,000/ $3,000,000 for each Physician placed with [Kneibert]."

Upon being served with the Second Amended Petition in the Butler County action, Kneibert contacted Weatherby and demanded that it undertake the defense of the case on behalf of Kneibert to the extent Kneibert's negligence was alleged to be on account of Dr. Smith's conduct. (Pltf.'s Exh. 9.) Kneibert thereafter forwarded certain information, including a copy of the Second Amended Petition, to St. Paul/American Continental with a letter discussing a proposed division of the defense in the case. (Pltf.'s Exh. 7.) In a letter dated December 5, 2003, St. Paul/American Continental advised Kneibert that it would not provide a defense or indemnification to Kneibert Clinic on the Butler County action as it was pled. St. Paul/American Continental requested that if Kneibert were to file a third party petition against its insureds, it be provided a copy of the suit papers. (Pltf.'s Exh. 14.) Thereafter, St. Paul/American Continental

repeatedly denied Kneibert's subsequent demands that it undertake the defense of the Butler County action. (Pltf.'s Exhs. 15, 16; Defts.' Exh. G.)

A review of the state court docket sheet shows neither Dr. Smith, Weatherby nor their insurer to have ever been named as parties to the Butler County action, either as direct defendants by the Cravens or as third party defendants by Kneibert Clinic. (Defts.' Exh. B1-B5.)

## II. Discussion

Defendants Smith and Weatherby contend that they are entitled to judgment as a matter of law on plaintiff Kneibert's claim and/or that Kneibert fails to state a claim upon which relief may be granted and thus that the cause should be dismissed. Defendants present five bases upon which they argue that they are entitled to relief on the instant motion: 1) That Kneibert Clinic failed to assert a statute of limitations defense to the allegations brought in the Butler County action regarding defendant Smith's conduct, and therefore is barred from pursuing its instant claim for indemnification in this cause of action; 2) That Kneibert Clinic is unable to obtain indemnification against defendants inasmuch as there is no final judgment which can be executed against the defendants; 3) That the Settlement Agreement upon which the Butler County Judgment was entered is null and void, thereby invalidating the Judgment upon which Kneibert seeks indemnification; 4) That Kneibert Clinic's prejudicial conduct in relation to

the securing and execution of the Settlement Agreement in the Butler County action and in obtaining Judgment against itself effectively discharged any duty of the defendants to indemnify Kneibert; and 5) That Kneibert has failed to state a claim for indemnification against defendants inasmuch as Kneibert improperly relies on only offensive collateral estoppel to collect on the underlying Judgment and does not otherwise establish an obligation on the part of defendants to pay.

The Court will address each of defendants' contentions in turn. For the following reasons, defendants' Motion for Summary Judgment should denied.

A.  <u>Statute of Limitations</u>

Defendants first argue that Kneibert Clinic is barred from pursing the instant indemnification action against them because, to the extent the Butler County action alleged Kneibert's negligence was on account of Dr. Smith's conduct, such allegation was made beyond the two-year statute of limitations for a medical malpractice action, and thus cannot be pursued here. Defendants' argument is misplaced.

The Cravens initiated the Butler County action on July 25, 2002, alleging that Kneibert was negligent in its performance of medical services to Mrs. Cravens on and subsequent to July 28, 2000, in relation to the failure to advise Mrs. Cravens concerning the breast lump and remove it. In their Second Amended Petition filed on September 5, 2003, the Cravens first identified Dr.

Smith's specific conduct in reading the mammogram and ultrasound on August 10, 2000, to be a basis of Kneibert's alleged negligence. Under Mo. Rev. Stat. § 516.105, medical malpractice claims must be brought within two years from the date of the occurrence of the alleged negligent act. Defendants claim that because the Butler County action did not include claims for the alleged negligent acts of Dr. Smith until after two years had passed since the occurrence, Kneibert should have raised a statute of limitations defense in the Butler County action and, because of its failure to raise such a defense, is now unable to recover against Dr. Smith and/or Weatherby on its claim arising out of such negligence.

As an initial matter, the undersigned notes the undisputed evidence before the Court to unequivocally show that, contrary to defendants' assertion, Kneibert Clinic indeed raised a statute of limitations defense in the Butler County action when first presented with the Cravens' specific claims regarding Dr. Smith's conduct. Accordingly, to the extent defendants argue that the *failure* to raise a statute of limitations defense in the Butler County action in and of itself precludes Kneibert from pursing the instant cause of action, such argument should be denied. To the extent defendants claim that the running of the medical malpractice statute of limitations in the Butler County action bars Kneibert's instant claim for indemnification, such claim should likewise be denied.

Kneibert's claim for indemnification is independent of

- 13 -

the underlying claim for damages brought by the Cravens in Butler County and is therefore not subject to the period of limitations faced by the Cravens in pursuing their medical malpractice action. See Aherron v. St. John's Mercy Med. Ctr., 713 S.W.2d 498, 499-500 (Mo. banc 1986). Instead, Kneibert's instant claim is governed by Mo. Rev. Stat. § 516.120, which provides a five-year statute of limitations for claims of indemnification. See Federated Mut. Ins. Co. v. Gray, 475 F. Supp. 679, 681 (E.D. Mo. 1979). Where, as here, indemnification is sought for damages incurred pursuant to a settlement agreement made in an underlying suit, the statute begins to run at the time of the settlement. Id. Kneibert brought the instant suit for indemnification in April 2005, less than three months after Kneibert's settlement of the Butler County action. This cause of action, therefore, is well within the applicable limitations period.

To the extent defendants claim that Kneibert's alleged failure to actively pursue a statute of limitations defense in the Butler County action demonstrates its lack of good faith in its ultimate settlement of the action, such claim may be relevant to defendants' argument that Kneibert's prejudicial conduct in achieving the settlement discharges their duty of indemnification. (See discussion, infra at Section II.D.) For the reasons set out above, however, to the extent defendants claim that the running of the medical malpractice statute of limitations in the Butler County action in and of itself bars Kneibert's instant indemnification

- 14 -

action, such claim should be denied.

B.    Absence of Final Judgment

        Defendants next argue that Kneibert is unable to recover
against either Dr. Smith or Weatherby inasmuch as no final judgment
exists against them which can be executed.  While defendants are
correct in their assertion that no judgment has been entered
against them, their argument that such lack of judgment precludes
the instant indemnification action is misplaced.

        In the instant cause of action, Kneibert is not seeking
to execute a judgment against either defendant Smith or Weatherby.
Instead, Kneibert claims that Judgment was entered against itself
and that it is entitled to indemnification from defendants Smith
and/or Weatherby inasmuch as Kneibert was found liable in the
underlying action only on account of Dr. Smith's negligent acts.
Such a claim appears to be proper on the factual allegations
raised.   See SSM Health Care St. Louis v. Radiologic Imaging
Consultants, LLP, 128 S.W.3d 534, 539-40 (Mo. Ct. App. 2003).
Indeed, defendants themselves admit in their instant motion that
"[i]ndemnification is generally allowed in favor of a party who is
held responsible by imputation of law because of his relation to
the actual wrongdoer." (Defts.' Memo. in Supp. of Sum. Judg., at
p. 4.) (Internal quotation marks and citations omitted.)  To the
extent defendants argue that Kneibert is unable to recover in a
direct action against defendants' insurer inasmuch as no final
judgment exists against them, the insureds (see id. at p. 5), the

undersigned notes that defendants' insurer was previously dismissed
from this action on that basis.  (See Memo. & Order, filed July 20,
2005 (Docket No. 15); Memo. & Order, filed Feb. 24, 2006 (Docket
No. 43)).  As such, no direct action against defendants' insurer
remains before the Court.

Accordingly, defendants' argument that Kneibert is unable
to bring its present indemnification claim in the absence of a
final judgment against Dr. Smith and Weatherby should be denied.

C.    Validity of Settlement Agreement

Defendants also contend that the Settlement Agreement
entered into between the Cravens and Kneibert Clinic in the Butler
County action failed to comply with Mo. Rev. Stat. § 537.065 and is
therefore null and void, thereby rendering the Judgment resulting
therefrom invalid.

The Settlement Agreement in the Butler County action was
executed pursuant to Mo. Rev. Stat. § 537.065 which provides for an
injured party to contract with a tort-feasor and agree

> that in the event of a judgment against the
> tort-feasor, neither he nor any person, firm
> or corporation claiming by or through him will
> levy execution, by garnishment or as otherwise
> provided by law, except against the specific
> assets listed in the contract and except
> against any insurer which insures the legal
> liability of the tort-feasor for such damage
> and which insurer is not excepted from
> execution, garnishment or other legal
> procedure by such contract.

Section 537.065 further provides that an injured party may enter

into such a contract "in consideration of the payment of a specified amount[.]"  Defendants contend here that Kneibert made no payment of any amount to the Cravens in consideration for the Cravens' agreement to enter into the § 537.065 settlement contract; and, further, that while § 537.065 limits the injured party's recovery thereunder to the tort-feasor's insurer, the Settlement Agreement here did not involve Kneibert's insurer but instead listed the insurer of Dr. Smith and Weatherby who were not parties to the Cravens' lawsuit nor to the Settlement Agreement. Accordingly, defendants argue, the Settlement Agreement is null and void inasmuch as it failed to comply with § 537.065.

Because neither defendant Smith nor defendant Weatherby was a party to this contract between the Cravens and Kneibert, defendants lack standing to challenge the contract's validity. Schroff v. Smart, 120 S.W.3d 751, 756 (Mo. Ct. App. 2003); Stephens v. Brekke, 977 S.W.2d 87, 94 (Mo. Ct. App. 1998).  As such, defendants cannot obtain judgment as a matter of law on their claim that Kneibert's failure to comply with § 537.065 renders the Settlement Agreement null and void.  However, to the extent defendants claim that Kneibert acted in bad faith in securing the Settlement Agreement with the Cravens by obligating non-parties Dr. Smith, Weatherby and their insurer rather than itself and/or its own insurer, such claim may be relevant to defendants' argument that Kneibert's prejudicial conduct in achieving the settlement discharges their duty of indemnification.  (See discussion, infra

- 17 -

at Section II.D.)

D.  <u>Discharge from Duty of Indemnity</u>

Defendants contend that Kneibert Clinic acted in bad faith and engaged in prejudicial conduct in relation to the securing and execution of the Settlement Agreement in the Butler County action and in obtaining Judgment against itself thereon, and that such conduct effectively discharged any duty of the defendants to indemnify Kneibert.

Missouri courts have recognized and applied a "general rule of law that any act[s] on the part of any indemnitee which materially increases the risk, or prejudice the rights, of the indemnitor, will discharge the indemnitor under the contract of indemnity." <u>Holiday Inns, Inc. v. Thirteen-Fifty Inv. Co.</u>, 714 S.W.2d 597, 603 (Mo. Ct. App. 1986) (internal quotation marks and citations omitted). The theory underlying this general rule applies as well to claims of indemnity which arise by reason of vicarious liability, such as the claim raised here. <u>Cf.</u> <u>SSM Health Care St. Louis</u>, 128 S.W.3d at 542-43 (court examines principal's incentive to shift fault to agent and then seek indemnity therefrom); <u>Major v. Frontenac Indus., Inc.</u>, 899 S.W.2d 895, 897 (Mo. Ct. App. 1995) (Restatement Rules governing amount indemnitor is obligated to pay indemnitee apply to indemnification duties arising from contract, quasi-contract or tort).

Here, defendants contend that Kneibert's bad faith conduct in securing the § 537.065 Settlement Agreement and in

obtaining the Butler County Judgment against itself prejudiced their rights as indemnitors, and that such bad faith is demonstrated by evidence of Kneibert securing the dismissal of all claims relating to the conduct of Dr. Young, a Kneibert partner, despite evidence demonstrating Dr. Young's negligence; executing a settlement agreement shifting blame to Dr. Smith, a party not named in the lawsuit and who could not be named as a party due to the running of the statute of limitations; aligning its interest with that of the Cravens by agreeing to allow the Cravens to present evidence as necessary to make their case against Kneibert through the negligent acts of Dr. Smith, a non-party; admitting that it was highly likely that judgment would be entered against it based on the negligent acts of Dr. Smith; securing a settlement agreement whereby the Cravens would not seek to recover the judgment proceeds from Kneibert; agreeing to align itself with the Cravens to pursue litigation to recover judgment proceeds only from the defendants here and their insurer, non-parties to the Butler County action; proceeding to trial on the Cravens' claims involving Dr. Smith's conduct and presenting virtually no defense to the claims; and failing to pay to the Cravens any specified amount in consideration of their agreement to enter into the contract of settlement as required by § 537.065. Similar conduct by an indemnitee has been found by Missouri courts to relieve the indemnitor of its obligation to indemnify. See Holiday Inns, Inc. v. Thirteen-Fifty Inv. Co., 714 S.W.2d 597 (Mo. Ct. App. 1986); Bourquignon v.

<u>Thirteen-Fifty Inv. Co.</u>, 759 S.W.2d 300 (Mo. Ct. App. 1988).

In response, Kneibert argues that defendants' claim of bad faith is foreclosed by their failure to defend the Butler County action despite being given the opportunity to do so. Notably, however, neither Dr. Smith, Weatherby nor their insurer were named in the Butler County action, either as direct defendants by the Cravens or as third-party defendants for indemnification by Kneibert. Indeed, the record shows defendants' insurer to have instructed Kneibert to provide a copy of the suit papers in the event they were named as third-party defendants.

Nevertheless, a review of the defendants' motion and the materials and briefs submitted in support of each party's position shows there to be genuine issues of material fact in dispute between the parties as to whether Kneibert Clinic's conduct in securing the Settlement Agreement in the Butler County action and in obtaining Judgment against itself thereon, materially increased the risk or prejudiced the rights of defendants here as indemnitors such that defendants are discharged from any duty of indemnity thereunder. The question of whether an indemnitee acted in good faith in reaching a settlement agreement in an underlying cause of action is one to be resolved by a factfinder. <u>Union Elec. Co. v. Southwestern Bell Tel. L.P.</u>, 378 F.3d 781, 789 (8th Cir. 2004) (Missouri action). Summary judgment is therefore inappropriate on defendants' claim that they are excused from indemnification.

E.   Obligation to Pay

Finally, defendants contend that Kneibert Clinic bases
its claim of indemnification only on the use of offensive
collateral estoppel. Defendants argue that because the
circumstances of this case bar plaintiff's use of offensive
collateral estoppel, this cause of action should be dismissed for
failure to state a claim inasmuch as Kneibert has provided no other
basis demonstrating an obligation on the part of defendants to
indemnify Kneibert on the Butler County Judgment.

A motion to dismiss should not be granted unless "it
appears beyond doubt that the plaintiff can prove no set of facts
in support of his claim which would entitle him to relief." Conley
v. Gibson, 355 U.S. 41, 45-46 (1957); see also Coleman v. Watt, 40
F.3d 255, 258 (8th Cir. 1994). "The issue is whether, taking all
well-pleaded factual allegations in the complaint to be true, the
complaint states a claim that would entitle the plaintiff to relief
against the defendants under some set of facts." Webb v. Lawrence
County, S.D., 144 F.3d 1131, 1136 (8th Cir. 1998)(emphasis added).

As set out above, there remain genuine issues of material
fact as to the circumstances underlying the Judgment entered in the
Butler County action and whether, as indemnitors, defendants are
bound by that Judgment. Such questions likewise apply to the
extent to which plaintiff Kneibert may rely on the Butler County
Judgment to obtain relief from the defendants here. Nevertheless,
construing the Petition in a light most favorable to plaintiff

Kneibert, it cannot be said that Kneibert would be unable to prove any set of facts entitling it to relief against defendants on its claim of indemnification.  Accordingly, to the extent defendants seek to dismiss Kneibert's claim for failure to state a claim upon which relief may be granted, such request should be denied.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff Kneibert Clinic, LLC's Motion to Strike (Docket No. 69) is denied.

**IT IS FURTHER ORDERED** that defendants Richard Smith, M.D., and Weatherby Locums Tenens, Inc.'s Motion for Summary Judgment (Docket No. 53) is denied.


_____
UNITED STATES MAGISTRATE JUDGE



Dated this _28th_ day of March, 2007.