```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                       SOUTHEASTERN DIVISION


KNEIBERT CLINIC, LLC,              )
                                   )
               Plaintiff,          )
                                   )
          v.                       )    No.  1:05CV86 FRB
                                   )
RICHARD SMITH, M.D., et al.,       )
                                   )
               Defendants.         )
```

### MEMORANDUM AND ORDER

Presently pending before the Court is plaintiff Kneibert Clinic, LLC's Motion for Summary Judgment (filed May 2, 2007/Docket No. 96). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

The relevant facts underlying this cause of action were most recently set out in this Court's Memorandum and Order entered March 28, 2007, denying defendants' Motion for Summary Judgment (Docket No. 87), and will not be repeated here. In the instant Motion for Summary Judgment, plaintiff Kneibert Clinic contends that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law on its claims that defendants Richard Smith, M.D., and Weatherby Locums Tenens, Inc., owe a duty to indemnify plaintiff Kneibert Clinic on the Judgment rendered against it in the Cravens' Butler County action, and that the defendants are bound by such Judgment. Defendants have

responded to the motion to which plaintiff has replied.

In this Court's Memorandum and Order entered March 28, 2007, the undersigned addressed defendants' claim raised in their Motion for Summary Judgment that Kneibert Clinic's prejudicial conduct in relation to the securing and execution of the Settlement Agreement in the Butler County action and in obtaining Judgment against itself effectively discharged any duty of the defendants to indemnify Kneibert. With respect to this argument, the undersigned specifically found that

> review of the defendants' motion and the materials and briefs submitted in support of each party's position shows there to be genuine issues of material fact in dispute between the parties as to whether Kneibert Clinic's conduct in securing the Settlement Agreement in the Butler County action and in obtaining Judgment against itself thereon, materially increased the risk or prejudiced the rights of defendants here as indemnitors such that defendants are discharged from any duty of indemnity thereunder.

Memo. & Order/Doc. 87 at p. 20.

Noting that "[t]he question of whether an indemnitee acted in good faith in reaching a settlement agreement in an underlying cause of action is one to be resolved by a factfinder[,]" id. (citing Union Elec. Co. v. Southwestern Bell Tel. L.P., 378 F.3d 781, 789 (8th Cir. 2004) (Missouri action)), the undersigned determined that summary judgment was "therefore inappropriate on defendants' claim that they are excused from indemnification." Id. Plaintiff, in

arguing its absolute right to indemnification, has presented nothing to the Court in the instant Motion for Summary Judgment to dissuade the undersigned from the previous finding that genuine issues of material fact exist as to the extent of the duty owed by the defendants to indemnify plaintiff on the Butler County Judgment.

In <u>Drennen v. Wren</u>, 416 S.W.2d 229 (Mo. Ct. App. 1967), the Missouri Court of Appeals addressed circumstances where collateral estoppel may bind an indemnitor to a judgment rendered against the indemnitee. However, noting that Missouri cases have restricted and made more demanding the general principle of "notice and opportunity to defend," <u>id.</u> at 234-35, the court of appeals specifically held that "'the judgment in the prior suit is not conclusive evidence of all matters necessary to be proved by the plaintiff against the indemnitor. Thus the question whether the relation exists which gives a remedy over is of course open to inquiry.'" <u>Id.</u> at 235 (quoting <u>Dolph v. Maryland Casualty Co.</u>, 261 S.W. 330, 332 (Mo. 1924). In <u>Drennen</u>, the court of appeals recognized that certain issues between the indemnitor and indemnitee, such as fraud, are not litigable in the main case against the indemnitee in a negligence action, "and that such issues would survive inter partes an adverse judgment in the main suit." <u>Id.</u> (internal quotation marks and citation omitted).

For the reasons set out above and in this Court's

Memorandum and Order of March 28, 2007, the inquiry in this case remains open as to the circumstances underlying the Judgment entered in the Butler County action and whether, as indemnitors, defendants are bound by that Judgment.  Accordingly, plaintiff's Motion for Summary Judgment, seeking judgment as a matter of law on its claims that defendants Richard Smith, M.D., and Weatherby Locums Tenens, Inc., owe a duty to indemnify plaintiff Kneibert Clinic on the Judgment rendered against it in the Cravens' Butler County action, and that the defendants are bound by such Judgment, should be denied.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff Kneibert Clinic, LLC's Motion for Summary Judgment (Docket No. 96) is denied.[1]

_____
UNITED STATES MAGISTRATE JUDGE

Dated this  _27th_  day of June, 2007.

---

[1] To the extent plaintiff Kneibert Clinic requests in the instant motion that the Court order discovery to proceed in a certain limited manner, such matters are not appropriately determined in a motion for summary judgment.