UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KNEIBERT CLINIC, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:05CV86 FRB |
| | ) |
| RICHARD SMITH, M.D., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Presently pending before the Court is defendants Richard Smith, M.D. and Weatherby Locums Tenens, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1406(a) (filed April 19, 2007/Docket No. 90). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

This cause of action was originally filed on April 29, 2005, in the Circuit Court of Cape Girardeau, Missouri, by Marilyn Cravens, Walter Cravens and Kneibert Clinic, LLC (Kneibert or Kneibert Clinic). Dr. Richard Smith, Weatherby Locums Tenens, Inc. (Weatherby), and American Continental Ins. Co. were named as defendants in the cause. On June 6, 2005, defendant Weatherby removed the matter to this Court with the consent of St. Paul Fire and Marine Insurance Company, successor-in-interest to named defendant American Continental Ins. Co. (St. Paul/American Continental). Defendant Smith consented to removal upon being

served with process. The diversity jurisdiction of this Court was invoked upon removal inasmuch as complete diversity of citizenship existed between the parties and the amount in controversy exceeded $75,000.00. 28 U.S.C. §§ 1332, 1441. Defendant Weatherby answered the Petition on June 6, 2005. Defendant Smith answered the Petition on June 29, 2005.

On July 20, 2005, all claims against defendant St. Paul/American Continental were dismissed from this cause. As a result of this dismissal, the only claim which remains pending before the Court is that of plaintiff Kneibert Clinic against defendants Dr. Smith and Weatherby in which Kneibert Clinic seeks indemnification from defendants on a Judgment entered against it in a previous state court proceeding, with such Judgment having been predicated on a finding that Kneibert Clinic was liable for the negligent acts of Dr. Smith. In its Petition, Kneibert Clinic avers that its claim of indemnification "arose out of Weatherby's contract with the Kneibert [Clinic]" whereby Dr. Smith was supplied by Weatherby to Kneibert Clinic to function as a radiologist at that facility.

Subsequent to the dismissal of all claims against St. Paul/American Continental, the Court ordered plaintiff Kneibert Clinic and defendants Smith and Weatherby to submit a Joint Proposed Scheduling Plan pursuant to Rule 16, Federal Rules of Civil Procedure. On March 24, 2006, the parties complied with this

Order and on March 29, 2006, counsel for plaintiff Kneibert Clinic and defendants Smith and Weatherby appeared before the Court for a Rule 16 Scheduling Conference, at which discussion was had regarding the course of all future proceedings in this cause. As a result of this conference, the Court entered a Case Management Order in which schedules and deadlines were put in place relating to discovery and other pretrial matters, including the filing of dispositive motions. In addition, the Case Management Order set the matter for trial in September 2007, as proposed by the parties, with such trial scheduled to take place before this Court sitting in the Southeastern Division of the Eastern District of Missouri.

On July 14, 2006, defendants Smith and Weatherby filed a Motion for Summary Judgment in the cause, arguing that they were entitled to judgment as a matter of law on the merits of plaintiff's claim of indemnification. Plaintiff responded to the motion to which defendants replied. All parties also filed sur-replies relating to defendants' Motion for Summary Judgment.

During the course of reviewing the materials submitted in support of each party's position on summary judgment, the undersigned noted the terms and conditions of the contract at issue here to contain a forum selection clause which provided that "[a]ny dispute or controversy arising out of this Agreement shall be resolved in the appropriate judicial forum (state or federal) within Dade or Broward County, Florida." At no time prior to this

discovery did any party invoke this forum selection clause or in any other way bring such clause to the attention of the Court. In light of this discovery, on February 27, 2007, the Court ordered the parties to show cause why this matter should not be transferred to the United States District Court, Southern District of Florida, pursuant to the forum selection clause contained in the written contract entered into between plaintiff Kneibert Clinic and defendant Weatherby. (Order, filed Feb. 27, 2007/Doc. No. 81.)

In their response to this Court's Order to Show Cause, defendants Smith and Weatherby argued against transfer, averring that sufficient minimum contacts existed to meet the jurisdictional requirements in this Court; that the forum selection clause in the contract at issue here was permissive in its scope; that there were "compelling and countervailing reasons to excuse the enforcement of the forum selection clause . . . at this point in the proceedings," including this Court's familiarity with the facts and issues of the case; that neither party had objected to this Court's jurisdiction; and that "it would be a great loss of time and resources to begin again in the Southern District of Florida." (See Defts.' Response to Court Order Regarding Forum Selection Clause, filed Mar. 9, 2007/Doc. No. 82.) Likewise, plaintiff Kneibert Clinic responded that the interests of justice would not be served by transferring this case to Florida inasmuch as no party invoked the forum selection clause; that there exists a high "learning curve" in

relation to the complex factual and legal issues in this case; that the factual witnesses and documents relevant to this case are located in Missouri; that the forum selection clause is permissive in nature; and that this Court is properly exercising diversity jurisdiction over the matter.  (See Pltf.'s Response to Court's Show Cause Order, filed Mar. 9, 2007/Doc. No. 83.)  Plaintiff further argued that, nevertheless, defendants waived their right to transfer this matter to the Southern District of Florida under the contract's forum selection clause as demonstrated by their affirmative conduct in removing the state court action to *this* United States District Court, and by answering the Petition and filing a Motion for Summary Judgment in which they did not invoke the forum selection clause but rather addressed the merits of the case.  Id.

On March 28, 2007, the Court denied defendants' Motion for Summary Judgment.  On April 19, 2007, defendants filed the instant Motion to Transfer Venue arguing that the matter was now in the posture to be transferred to the United States District Court, Southern District of Florida, pursuant to the contract's forum selection clause which provides for "exclusive" venue in such forum.  In response, plaintiff reasserts its arguments made in response to this Court's previous Order to Show Cause.

Upon review of the defendants' course of conduct in this action, including defendant Weatherby's removal of the matter to

*this* Court to which defendant Smith consented; defendants' Answers to the Petition which addressed the merits of plaintiff's claim and failed to raise the forum selection clause or challenge this Court's venue on account thereof; their submission of a Joint Proposed Scheduling Plan and participation in a Scheduling Conference before the Court which resulted in the matter being managed by and set for trial before *this* Court in *this* forum without objection; their subsequent filing of a Motion for Summary Judgment which addressed the merits of plaintiff's claim and failed to raise the forum selection clause or challenge this Court's venue on account thereof; their initial response to this Court's Order to Show Cause in which they requested the Court to continue to maintain this action; and their proceeding before this Court without challenge to venue for nearly two years during which the Court has addressed and ruled multiple substantive and dispositive motions, the undersigned determines the defendants to have waived the contract's forum selection clause.  See Carnival Corp. v. Booth, 946 So.2d 1112, 1114 (Fla. Dist. Ct. App. 2006); Seals v. Callis, 848 S.W.2d 5 (Mo. Ct. App. 1992).  In addition, by failing to challenge this Court's venue until this point in the proceedings, the defendants' right to raise any such challenge has been waived.  Fed. R. Civ. P. 12(h).  Finally, regardless of the defendants' waiver of the forum selection clause or their right to challenge venue, plaintiff has strongly demonstrated that

transferring the case to the Southern District of Florida would be unreasonable and unjust in light of the status of the proceedings. See M/S Bremen v. Zpata Off-Shore Co., 407 U.S. 1, 15 (1972).

Because forum selection clauses, in and of themselves, do not oust non-forum courts of subject matter jurisdiction where such jurisdiction is otherwise properly invoked, M/S Bremen, 407 U.S. at 12; Quick Erectors, Inc. v. Seattle Bronze Corp., 524 F. Supp. 351, 355 (E.D. Mo. 1981), defendants' argument that this Court lacks subject matter jurisdiction over this diversity action merely on account of the forum selection clause is without merit.

Therefore, for all of the foregoing reasons, this cause of action will remain before this Court for final determination and defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1406(a) should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Richard Smith, M.D. and Weatherby Locums Tenens, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1406(a) (Docket No. 90) is denied.

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this _27th_ day of June, 2007.